IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| SHERON DAVIS, | ) |
|     Plaintiff, | ) NO. 2:13-CV-00105 |
| v. | ) JUDGE SHARP |
| MACON COUNTY, TENNESSEE, | ) |
|     Defendant. | ) |

## RESPONSE TO PLAINTIFF'S MOTION FOR COSTS

Defendant MACON COUNTY, TENNESSEE, by and through counsel, submits this Response to Plaintiff's Motion for Costs. Defendant respectfully requests that this Court deny Plaintiff's Motion.

This case presents the unique situation in which a Plaintiff is arguing that some aspect of service is ineffective. Plaintiff has so strictly construed the requirements of Fed. R. Civ. P. 4(d) so as to make it unworkable and inconsistent with the goals of the rule. Instead of reading the rule as a cost avoider, Plaintiff's reading of the rule creates a trap for defendants. In this case, the trap springs when a defendant does not return the waiver form within the time requested by the plaintiff, despite the fact that the plaintiff has yet to incur any expenses in making service or even have summons issued.

The question here is whether Defendant "failed" to waive service within the meaning of Rule 4(d)(2). Good cause is not the issue. Defendant is not arguing good cause and has not attempted to argue good cause at any point. If Defendant failed to waive service within the meaning of Rule 4(d)(2), then the sanction is clear. If Defendant did not fail to waive service, then no sanction is

necessary and Plaintiff's Motion is without merit. As explained below, Defendant properly waived service by returning the executed waiver form prior to Plaintiff incurring any expenses in making service.

## **Background**

Although the sequence of events stated by Plaintiff is accurate, the following is a timeline from Defendant's perspective and is memorialized in the emails attached as Exhibit 1 and the Affidavit of Counsel attached as Exhibit 2:

- In reviewing the pleadings and relevant case law upon receiving the file assignment for this matter, Defendant's counsel became concerned that there was no record of summons being issued or service being made on Defendant.

- On November 18, 2013, Defendant's attorney Fuqua contacted Macon County Mayor Shelvy Linville to inquire as to the status of service. Mayor Linville informed Mr. Fuqua that he had not been served but had received some documents concerning waiver. Mayor Linville had overlooked the importance of these documents and merely filed them away. Understanding the requirements of Rule 4(d) and knowing that the time specified by Plaintiff was likely soon approaching or past, Mr. Fuqua asked Mayor Linville to fax him the notice and waiver documents. In the meantime, Mr. Fuqua emailed Plaintiff's counsel, with whom Mr. Fuqua had communicated in the past on another lawsuit, and notified Plaintiff's counsel that he had just learned of the requested waiver and that he planned to meet with Mayor Linville on Friday, November 22 and would return the waiver documents at that time if that would not be a problem.

- Later in the evening on November 18, Mr. Fuqua received an email from Plaintiff's counsel

2

indicating that Mr. Fuqua's proposal would be a problem and inquiring as to whether Defendant had "good cause" for failing to return the waiver form.

- Recognizing that time was of the essence to avoid further complications as summons had yet to be issued, Mr. Fuqua contacted Mayor Linville on the morning of November 19 and obtained permission to execute the waiver form and return it to Plaintiff's counsel. Mr. Fuqua executed the form and emailed and mailed the form to Plaintiff's counsel that morning.

- Despite Mr. Fuqua's providing the executed waiver form, Plaintiff's counsel continued to insist on good cause. Understanding that the bar for good cause is high and that an informal debate as to good cause between counsel in this situation would be ineffective and a waste of resources, Mr. Fuqua explained that Defendant had not failed to return the waiver form and that obtaining service of process was no longer necessary. Further, understanding the sanctions of Rule 4(d)(2) and that Plaintiff's counsel may have incurred expenses prior to receiving the waiver form, Mr. Fuqua also inquired as to whether Plaintiff's counsel had already incurred expenses in attempting service and requested itemized expenses so that Defendant could pay those expenses. **Plaintiff's counsel's response clarified that he had not yet incurred any such expenses.** Nevertheless, Plaintiff's counsel continued to insist on good cause, and Defendant's counsel began to understand that Plaintiff's counsel's reading of Rule 4(d) was very different from his own.

- Subsequently, in an attempt to make it clear that obtaining the issuance of summons and service of process was unnecessary, Defendant filed a notice of appearance of the Defendant expressly waiving any objection to service and indicating that this waiver had been

3

communicated to Plaintiff's counsel. (See D.E. 4).

- Finally, Defendant filed a Rule 12 motion without raising any objection to service of process. (See D.E. 6).[1] After filing this motion, Mr. Fuqua emailed Plaintiff's counsel to explain that service was now even further unnecessary, providing three cases explaining that Defendant no longer had any means for objecting to service.[2]

- Despite all of Defendant's counsel's attempts to avoid the need for Plaintiff's counsel to incur expenses in making service, Plaintiff's counsel had summons issued and chose to pursue service. To avoid further unnecessary costs, Defendant's counsel agreed to accept service on behalf of Defendant.

## **Legal Analysis**

Plaintiff's reading of Rule 4(d) is inconsistent with the purposes of the rule and the language of the rule itself. There is no prohibition in the rule, the Advisory Committee Notes, or interpreting case law prohibiting an attorney from executing a Rule 4(d) waiver on behalf of his client. Likewise, there is no such prohibition on waiving service by returning the waiver form beyond the time period requested by a plaintiff in his notice and request for waiver when that plaintiff has not yet incurred any expenses in making service or has even had summons issued. Defendant's actions and return of

---

[1] Defendant did not file its Rule 12(f) motion in order to address the service issue or otherwise respond to Plaintiff's counsel's position on service. Defendant's counsel had already prepared much of the motion prior to any of the waiver and service issues arising. Defendant's counsel merely emailed Plaintiff's counsel after filing the motion in one last attempt to avoid the costs of service.

[2] It is not Defendant's position that the Notice of Appearance or the Rule 12(h) waiver are substitutes to waiver under Rule 4(d) when a plaintiff sends a request. Defendant's counsel merely made these statements to Plaintiff's counsel in an attempt to emphasize that service was not necessary.

The cases provided to Plaintiff's counsel were McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191 (3d Cir. 1998) (holding that "a defense that service of process was untimely under Rule 4(m) is subject to Rule 12's waiver provisions"), Meadows v. Uniglobe Courier Serv. Inc., 5:08CV2530, 2009 WL 2340192 (N.D. Ohio July 28, 2009) (equating Rule 12 waiver to Rule 4(d) waiver) (copy attached as Exhibit 3), and Hunter v. Les Helton, 1:10-CV-00021, 2011 WL 4807757 (M.D. Tenn. Aug. 11, 2011) (explaining that "Defendants have the option to waive the defense of insufficiency of service of process" pursuant to Rule 12(h)) (copy attached as Exhibit 4).

4

the waiver form in this case are consistent with the rule and were effective to waive service under the rule.

1. Attorney Fuqua had authority to execute a waiver of the service of summons on behalf of Defendant Macon County.

Nothing in Rule 4(d) prohibits a defendant's attorney from executing a waiver of the service of summons on behalf of that defendant. Plaintiff's strict reading of the rule in this regard makes the rule nearly unworkable. This difficulty is illustrated by applying the same construction to the phrase "the plaintiff." The rule does not expressly allow a plaintiff's attorney to request and file a waiver, but that is how the process works. Otherwise, the request for waiver in this case would be as ineffective as Plaintiff argues the waiver to be. In fact, the current Forms AO 398 and AO 399, which appear to be used by every United States District Court, allow an attorney to send the notice and request for waiver and to waive service of summons on behalf of their respective clients.[3] Further, a Tennessee attorney has the "power to execute, in the name of the attorney's or solicitor's client, all bonds or other papers necessary and proper for the prosecution of the suit at *any stage of its progress*." Tenn. Code Ann. § 23-2-104 (2013) (emphasis added).

Plaintiff's imposition of additional rules for a defendant's attorney to prove his authority is also impractical and beyond the scope of the Federal Rules or interpreting case law. Nothing in Rule 4 or its interpreting case law requires that the attorney signing the waiver have previously represented the party on whose behalf the waiver is signed, nor does anything in the Rule or case law require that the attorney have already entered an appearance. In this case, Plaintiff's counsel and Defendant's counsel, including Mr. Fuqua, are currently involved in another similar lawsuit involving another

---

[3] This Court's respective forms may be found online at the following addresses:
http://www.tnmd.uscourts.gov/files/20090109AO_398%20Notice%20of%20a%20Lawsuit%20and%20Request%20to%20Waive%20Service%20of%20a%20Summons.pdf and

5

Tennessee county.  (See Exhibit 2, ¶ 11).  Plaintiff's counsel has communicated multiple times with Mr. Fuqua by email in that lawsuit and is aware that in at least one other instance besides this one that Mr. Fuqua is an attorney who defends Tennessee counties.  (See Exhibit 2, ¶ 11).  Plaintiff's counsel had no basis for questioning Mr. Fuqua's authority, and the fact that Mr. Fuqua chose to go ahead and obtain his client's permission to execute and return the waiver of service on its behalf prior to their planned meeting does not give Plaintiff's counsel such a basis.  Interestingly, in the related matter referenced above, Plaintiff's counsel did not impose so onerous a burden on Defendant's counsel and had no problems accepting a waiver of the service of summons executed by Mr. Fuqua's co-counsel, Mr. Mark Nolan, and then filing that waiver prior to Mr. Nolan ever entering an appearance.  See Waiver of Service Executed Crowder v. Marshall County, Tennessee, Case No. 1:13-CV-00003 (M.D. Tenn., J. Haynes, D.E. 5, Jan. 24, 2013) (copy attached as Exhibit 5), and Notice of Appearance Crowder v. Marshall County, Tennessee, Case No. 1:13-CV-00003 (M.D. Tenn., J. Haynes, D.E. 6, Jan. 28, 2013).

       Finally, Carmen v. City of Pleasantville does not support Plaintiff's position.  In that case, the issue was much different than that here:

> The issue presented to counsel during the April 26, 2007 hearing was whether an attorney's representation that a waiver of service was signed causing opposing counsel to rely on that representation could constitute conduct that would provide an equitable waiver of the requirement under Rule 4(d)(4) for plaintiff to file a waiver of service with the Court. Since this issue was not directly addressed by the parties in their briefs, the Court gave plaintiff's counsel additional time to research and to supply a letter brief to explain under what circumstances, if any, conduct by an attorney could constitute equitable waiver of the requirements under Rule 4(d).

Carmen v. City of Pleasantville, CIV.A. 05-4579 (NLH), 2007 WL 1723405, at *2 (D. N.J. June 11, 2007) (copy attached as Exhibit 6).  The plaintiff in Carmen failed to file a waiver for certain

---

http://www.tnmd.uscourts.gov/files/20090109AO_399%20Waiver%20of%20the%20Service%20of%20Summons.pdf

6

defendants but argued equitable waiver and sought to rely on representations from an attorney representing other defendants that service would be waived. Id. at 2—3. Notably, the attorney representing the other defendants signed their waiver forms with no apparent objection. See Carmen v. City of Pleasantville, Case No. 05-4579 (D. N.J., D.E. 7, D.E. 8, and D.E. 9, Apr. 26, 2006) (copies attached as Exhibit 7). Here, Mr. Fuqua actually signed and returned the waiver form. Plaintiff need only file it to take advantage of Rule 4(d)(4).

2. Defendant did not "fail" to sign and return the waiver at issue within the meaning of Rule 4(d)(2).

Because there is no case law interpreting these finer details of Rule 4(d), the Court should apply the rules of statutory construction in determining whether Defendant failed to return the waiver form within the meaning of Rule 4(d)(2). The rules of statutory construction apply to the Federal Rules of Civil Procedure. See Hillis v. Heineman, 626 F.3d 1014, 1017 (9th Cir. 2010). The first rule of statutory construction is to look at the plain language of the statute to determine the meaning of legislation. Smith v. Allstate Ins. Co., 403 F.3d 401, 408 (6th Cir. 2005). Here, of course, this rule is applied to Rule 4(d). The plain language of Rule 4(d) indicates that a waiver is timely returned so long as it is returned before a plaintiff incurs any expenses in making service.

Nothing in Rule 4(d) or its interpreting case law prohibits waiver of service beyond the time period specified in the notice by the plaintiff. As such, Defendant is not arguing that Plaintiff has the authority to stipulate to a modification of the Rules. There is nothing to modify in this case. Plaintiff repeatedly emphasizes the term "timely waiver" in his argument for costs. However, the term "timely" appears only in Rule 4(d)(3) concerning the extension of time for a defendant to answer upon waiving service. Rule 4(d)(2) contains no timeliness language. This omission of timeliness language suggests that Rule 4(d)(2) is not concerned with a set time period but instead

7

with whether waiver occurs before a plaintiff incurs expenses in making service. See Russello v. United States, 464 U.S. 16, 23 (1983).

Even as regards the use of the term "timely" in Rule 4(d)(3), Plaintiff's strict interpretation is inconsistent with the purpose of Rule 4(d) and with the Advisory Committee comments to the rule. There is no indication in all of Rule 4(d) that the term "timely" found in Paragraph (3) means within the time period specified by the plaintiff in his notice and request to the defendant. Instead, the placement of the phrase "timely returns a waiver" in Paragraph (3) immediately after the clause "before being served with process" suggests that a timely return of a waiver is one that occurs before a defendant is served with process. After all, it is a "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." Reno v. Koray, 515 U.S. 50, 56 (1995). This reading is consistent with the 1993 Advisory Committee Notes to Rule 4. In discussing Paragraph (3), the Advisory Committee Notes explain, "Paragraph (3) extends the time for answer if, before being served with process, the defendant waives formal service." There is no connection in the Rule, the Advisory Committee Notes, or case law between effectiveness of the waiver and the time period specified by the plaintiff in his notice and request.[4]

This reading allowing a defendant to waive service up until a plaintiff incurs expenses in making service, even beyond the time period specified by a plaintiff in his notice and request, is consistent with the purpose of Rule 4(d) and with cases interpreting a plaintiff's compliance with this Rule's requirements. The focus of Rule 4(d) is a defendant's "duty to avoid unnecessary expenses of

---

[4] Plaintiff's counsel appears to use a customized notice letter and waiver form. Plaintiff emphasizes the strong language of these documents. Admittedly, the language in the Court's notice form is also strong. Nevertheless, neither document addresses the effectiveness of the waiver form. Further, to the extent the forms create a more stringent standard than the rules, the rules should control.

8

serving the summons." As the 1993 Advisory Committee Notes to Subdivision (d) explain, "The aims of the provision are to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel." Courts have recognized this goal in acknowledging that a strict, hyper-technical application of the rule may be unnecessary if the goals of the rule are achieved. See Shell v. Am. Family Rights Ass'n, No. CIV.A. 09-CV-00309MS, 2009 WL 3837890, at *2 (D. Colo. Nov. 13, 2009) (copy attached as Exhibit 8).

## **Conclusion**

In short, the purpose of Rule 4(d) is to avoid costs and expenses, not to lay a trap for a defendant who may otherwise be tardy. A reading that mandates a defendant pay costs of serving a summons that has not been issued at the time the waiver is returned and expenses and fees associated with recovering those costs is inconsistent with the purpose of the rule. If summons has not even been issued such that no attempts at service have been made and a defendant returns a waiver, albeit a few days beyond the time period requested by the plaintiff, the purpose of the rule is met: costs are avoided.

Defendant's counsel promptly notified Plaintiff's counsel upon discovery that Plaintiff had requested waiver. Defendant's counsel then promptly returned the executed waiver form to Plaintiff's counsel before Plaintiff's counsel incurred any expenses in making service. The decision by Plaintiff's counsel to nevertheless proceed to incur such expenses should not be laid at the feet of Defendant.

WHEREFORE, Defendant requests that the Court deny Plaintiff's Motion for Costs.

9

Respectfully submitted,

BATSON NOLAN PLC

By: /s/ Erik Fuqua
    Mark Nolan, BPR No. 015859
    Erik Fuqua, BPR No. 029972
    Counsel for Defendant
    121 South Third Street
    Clarksville, Tennessee 37040
    (931) 647-1501

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been delivered via the Court's electronic filing system or other appropriate means to:

> Jerry Gonzalez
> Jerry Gonzalez, PLC
> 2441-Q Old Fort Parkway
> Murfreesboro, TN 37128
> *Attorney for Plaintiff*

on this 27th day of November, 2013.

BATSON NOLAN PLC


By: /s/ Erik Fuqua

10